## KOST FURNITURE CO. et al. v. RADIO EQUIPMENT CO.

### No. 4683.

Court of Civil Appeals of Texas. Amarillo.

Nov. 16, 1936.

Rehearing Denied Jan. 4, 1937.

Cole, Cole, Patterson & Bell, of Houston, for appellants.

Kemper, Hicks & Cramer, of Houston, for appellee.

Martin, Justice.

Appellee sued appellant upon an open account for merchandise, etc., sold and delivered, his cause of action being supported by proper affidavit under article 3736, R.S.1925, as amended by Acts 1931, c. 239, § 1 (Vernon's Ann.Civ.St. art. 3736).

To this appellant filed an answer containing in part a general denial and cross-action. To this answer there was appended the following affidavit: "I, Phillip Kost, President of Kost Furniture Company, a corporation, duly incorporated, for and on behalf of said corporation, do solemnly swear that the above allegations set forth in the case of Radio Equipment Company vs. Kost Furniture Company are to the knowledge of affiant true and correct."

Trial was to the court. Judgment for appellee for $183, and interest. This was a $10 reduction of appellee's claim, the last amount being allowed as an offset under appellant's cross-action for damages.

Article 3736, R.S.1925, as amended (Vernon's Ann.Civ.St. art. 3736), provides in substance that an account of the above character, properly verified as therein provided, "shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, before an announcement

of ready for trial in said cause, file a written denial, under oath, stating that such account is not just or true, in whole or in part, and if in part only, stating the items and particulars which are unjust."

■ In this case only a general denial appears as an answer to appellee's cause of action, followed by the quoted affidavit. This was insufficient under the statute.

"In action on open account, a verified answer containing a general denial, a special denial of each item of the account, and a denial of indebtedness did not comply with Vernon's Sayles' Ann.Civ.St.1914, art. 3712, and did not overcome the prima facie case made by plaintiff's sworn account." Peterson v. Graham-Brown Shoe Co. (Tex. Civ.App.) 200 S.W. 899. (Syllabi quotation.) See, also, Padgitt Bros. Co. v. Dorsey (Tex.Civ.App.) 194 S.W. 1124; Blackwell Durham Tobacco Co.. v. Jacobs, 57 Tex.Civ.App. 295, 122 S.W. 66.

"A verified account which is not denied in accordance with the provision of said statute by the one sought to be charged proves, when admitted in evidence, that the merchandise itemized in the account was sold and delivered, that the prices are just, that the account as a whole is due and unpaid, and that all legal offsets, payments, and credits have been allowed." Scott et al. v. Exchange Petroleum Corporation (Tex. Civ.App.) 71 S.W.(2d) 539.

This well-settled law narrows the questions on this appeal to a consideration only of such as arise out of appellant's cross-action for damages. This revolves around the alleged sale of a defective refrigerator by appellee to appellant. Storage of $103.50 was asked for, together with other items of damage. It was appellee's claim below, and reiterated here, that appellant by its long delay and by certain acts in fact accepted said refrigerator and is estopped to now set up the cause of action pleaded by it, and that in any event appellant failed to prove its alleged damages, so as to require the trial court to find same.

■ Appellant objected to certain testimony from appellee's witness Griffin, offered in support of the above contention, because appellee failed to plead waiver, ratification, or estoppel. This record shows the pleadings were partly written and partly oral. How do we know that appellee failed to orally plead one or all of the above defenses? An objection does not prove itself. There should be here some authentic showing of the truth of the above objection. The court heard the evidence and entered judgment against appellant. We do not indulge presumptions against the validity of judgments. The exact point is decided in Hart v. Wilson (Tex.Civ.App.) 53 S.W.(2d) 1029. The evidence in our opinion sufficiently supports the implied findings of the trial court.

■ Apparently the most serious contention appellant makes here is that it was denied a jury trial. The bill presenting this matter is rather lengthy and rambling. Its essential portions are: This case was called for trial Monday, October 28th, and was postponed by agreement of counsel until the following Wednesday, October 30th. At that time the case was called for trial. After the pleadings had been read and ruled on, and the witnesses duly sworn, appellant for the first time demanded a jury. None had been theretofore demanded, nor any jury fee deposited. No jury was available just then, but apparently could have been summoned for the next day. Another jury case was set ahead of this case. Apparently the term ended the following Saturday night. The bill of exceptions proceeds: "That it has never been customary in the County Court at Law of Harris County, Texas, to demand a payment of jury fee on or before the opening day of the term, nor to request a jury setting of any case, but the jury fee is paid and a jury is demanded on the day that a case is set for trial, provided such demand is made prior to announcement of ready, and sometimes afterwards, if a jury is available; the County Court of Harris County, Texas, does not have a separate jury and non-jury docket, but tries all its cases, either jury or non-jury cases, indiscriminately and in the same assignment or list of the cases set for trial, and a jury is called when a case is called for trial, if demanded, and the jury fee is then and there paid; that the plaintiff in said cause had one witness from Dallas, Texas, an officer of plaintiff corporation, who would have been required to remain in Houston throughout the night of October 30th, with great inconvenience to himself and employer, until the said cause could be tried on Thursday, October 31st; if this cause had not been tried on the non-jury docket on the 30th day of October, it could have been tried on the jury docket at 9 o'clock A. M., on the 31st day of October, which would not have required an ad-

vancement of the case on the docket, and would not have interfered with the orderly disposition of the business of the court, but would have prejudiced the rights of the plaintiff in that it would have required plaintiff's only witness to remain in Houston on the night of October 30th, at great inconvenience to himself and his employer." It could only be an estimate that a case previously set for jury trial could be concluded in time for the trial of the present case during the week, so as to prevent its continuance. Further, the bill as a whole evidences that appellant impliedly at least agreed to set this case as a nonjury case for Wednesday, and after the pleadings had been argued and ruled on by the court, then for the first time asked for a jury, and at a time and under circumstances that would prejudice his adversary, and possibly operate as a continuance.

Article 2125, R.S. provides: "Any party to a civil suit in the district or county court desiring to have the same tried by jury, shall make an application therefor in open court on the first day of the term at which the suit is to be tried, unless the same be appearance day, in which event the application shall be made on default day."

In our opinion the request for a jury came too late, and the trial court did not abuse its discretion in refusing such request. Hunt v. Makemson, 56 Tex. 9; Foster v. Gossett (Tex.Civ.App.) 17 S.W. (2d) 469; United Fidelity Life Ins. Co. v. Handley (Tex.Civ.App.) 53 S.W.(2d) 833, affirmed (Tex.Com.App.) 86 S.W.(2d) 201.

The judgment is affirmed.