GLASCO et al. v. FRAZER.

No. 14129.

Court of Civil Appeals of Texas. Dallas.

Nov. 18, 1949.

Rehearing Denied Jan. 6, 1950.

Ben D. Clower and Harry Rovenger, Dallas, and Ramey, Calhoun, Marsh, Brelsford & Sheehy, Tyler, for appellants.

E. A. Nesbitt, Dallas, for appellee.

YOUNG, Justice.

Appellee's suit was for alleged amount of monthly salary due plus a bonus on number of certain articles manufactured or produced. On trial to the court, judgment was rendered in his favor for $2,810, from which defendants L. M. Glasco, individually, and operating under the name of Merry-Go Sales Company, also Jay-Bee Manufacturing Company, a corporation, have duly prosecuted this appeal.

Appellee contends that his action is one arising under Rule 185, Texas Rules of Civil Procedure, old Article 3736, R.C.S., as amended in 1931: conforming to the provisions of said Rule in his verification of pleading, attachment of sworn account, etc., and claiming its benefits at the trial. Defendants, on the other hand, strenuously assert that the claim in question is one entirely outside the purview of Rule 185, a proviso of which makes the sworn account prima facie evidence of the indebtedness claimed; and that without its benefit there was no sufficient evidence in support of claim.

Petitioner's action in substance was upon a verbal contract with L. M. Glasco, individually, as agent of the Merry-Go Sales Company and duly authorized agent and president of Glasco Manufacturing Company, whereby plaintiff was to assume technical supervision with reference to production of a type of playground apparatus known as "Merry-Go," an article then being produced by defendants in accordance with plans and specifications furnished by Glasco, along with dies, tools, material, and operating personnel; all under direct management and control of defendant last named; that plaintiff was to receive for such advisory services the sum of $350 per working month plus a royalty of $1 per playground unit produced from date of contract, November 15, 1945, to December 25, 1945, within which time 1,760 units were produced "as shown on the invoice and sworn account attached hereto and made a part hereof." It was further alleged that by agreement his employment at the same monthly compensation was extended to February 15, 1946; that during course of supervision, he pointed out to defendants various defects in plans, specifications, and tool design, suggesting improvements to lessen cost of production, but to no avail. Defendant Glasco pled in effect that Glasco Manufacturing Company had been a corporation owned by himself and family; that the understanding with plaintiff was that the latter would take over the work of general management of the company, receiving salary and commission on articles manufactured; conditioned, however, on ability of Frazer to make a success of the business, which he was unable to do; alleging nonperformance by plaintiff of any work for which he became entitled to compensation; denying that he, either individually or as agent, guaranteed to pay plaintiff for any services except on above contingency. His pleading was sworn to, viz.: "I, L. M. Glasco, defendant in the above entitled and numbered cause, acting for himself and for Merry-Go Sales Company, a trade name, say that the foregoing allegations are true."

Plaintiff's pleadings were verified in accordance with Rule 185, Texas Procedure, "Suit on Sworn Account," with statement attached, viz.: "Walter M. Frazer, 5501 Holmes Street Road P. O. Box 9127 Dallas, Texas Invoice No. 100 March 15, 1947 * * * L. M. Glasco & Glasco Mfg. Co., or Merry-Go Sales Co. Continental Building Dallas, Texas 3 Months Salary @ $350.00 Per Mo. (11–15–45 to 2–15–46) $1,050.00 Bonus on 1,760 units $1.00 per unit $1,760.00. Total $2,810.00 This billing in accordance with your offer at time of employment."

In its inception, old Art. 3736, R. S., creating a rule of evidence, was limited to an action or defense based upon open account. In 1931, Art. 3736, Vernon's Ann.

Civ.St., now Rule 185, Texas Procedure, was broadened by amendment so as to read: "* * * or other claim or claims for goods, wares and merchandise, including claims or suits for liquidated money demands based upon written contracts or based on business dealings between the parties, or for personal service rendered, on which a systematic record of said account has been kept, * * *." While old Art. 3736 had been generally construed to exclude "one or more isolated transactions resting upon special contract," McCamant v. Batsell, 59 Tex. 363, aforesaid measure as amended would now appear to fairly well cover the field of sworn accounts, inclusive of "accounts stated" as defined in Central National Bank of San Angelo v. Cox, Tex.Civ.App., 96 S.W.2d 746, 748, viz.: "The cases are legion on what constitutes an account stated. In general the essential elements involved are: Transactions between the parties which give rise to an indebtedness of one to the other; an agreement, express or implied, between them fixing the amount due; and a promise, express or implied, by the one to be charged, to pay such indebtedness. 1 Tex.Jur. p. 371 et seq.; 1 C. J. 678; 1 Am.Jur. 272; 1 C.J.S., Account Stated, § 1, p. 693"; the Rule expressly referring to claims for personal service rendered.

Obviously the Rule comprehends and embraces plaintiff's cause of action as outlined. The requirement of a "systematic record of such account" was sufficiently reflected in the testimony of defendant Glasco, under his contention, however, that liability for services of plaintiff was contingent upon his making a success of the business. On direct examination he said:

"Q. In other words he (Frazer) went in there on the proposition if he could make a go of that company, he was to get that much money out of it? A. He was very firm that he was a qualified manufacturing man.

"Q. If he didn't make a go, was he to get anything? A. He wasn't to get anything.

"Q. Did he ever present you a salary statement? A. No, every bill was paid down there, every person he hired, but no salary statement came in, *and he was turning in the time and everything else,* so if there was anything, any time coming to him, I am sure he would have taken advantage of the pay that was supposed to be paid." (Emphasis ours.)

The sworn denial of Glasco was not in terms of the statute and did not overcome the prima facie case made by plaintiff's sworn account. Kost Furniture Co. v. Radio Equipment Co., Tex.Civ.App., 100 S. W.2d 162. But while said account thereby became impervious to attack, defendant was not precluded from resisting same in toto under his plea of conditional liability; Alexander Bros. v. Wroe & Geppert, Tex.Civ. App., 164 S.W. 1055. Appellee also testified in support of his claim, of which the verified account was evidence prima facie; defendant, on the other hand, admitting the existence of "some kind of a contract or deal" under which plaintiff was "supposed to get $350.00 and a dollar a unit out of the manufacturing when we got our plant set up and going," and nothing, if the project proved a failure,—which it did. The trial court has simply rejected defendants' version of the understanding in findings which we conclude are sustained by the record.

Liability of appellant Jay-Bee Manufacturing Company, a corporation, was predicated upon findings and conclusions of the trial court which are also approved on basis of testimony adduced. (Findings of Fact): "(4) The Glasco Manufacturing Company was owned by L. M. Glasco and his family, and managed and operated by L. M. Glasco during the entire period of the employment of Walter M. Frazer. (5) Before suit was filed on the claim of Walter M. Frazer for salary and bonus, a certificate was filed with the Secretary of State of the State of Texas by L. M. Glasco by which certificate the name of the Glasco Manufacturing Company was changed to Jay-Bee Manufacturing Company. That after suit was filed, the assets and capital stock of the Jay-Bee Manufacturing Company were sold to the present owners and holders thereof who should have had notice of the claim of

Walter M. Frazer." (Conclusions of Law) : "(3) That the former Glasco Manufacturing Company was the alter ego of L. M. Glasco. (4) The present owners of the capital stock and assets of the Jay-Bee Manufacturing Company had sufficient notice of the account and should be held accountable for the assets which have come into their possession for the satisfaction of the debt of L. M. Glasco."

Upon full review, all points of error are overruled and judgment of the trial court is in all respects affirmed.