Kenneth STEPHENS et al., Appellants,

v.

J. C. LOTT, d/b/a Lott Implement Company and Lott Motor Company, Appellee.

No. 13638.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 12, 1960.

Benjamin D. Lucas, Henry T. Matthews, San Antonio, for appellant.

George I. Middaugh, Arnold W. Franklin, Jourdanton, for appellee.

MURRAY, Chief Justice.

This suit was instituted in the County Court of Atascosa County, Texas, by J. C. Lott, doing business as Lott Implement Company and Lott Motor Company, against Kenneth Stephens and A. V. Stephens, seeking to recover upon a sworn account in the total sum of $435.48, together with interest and attorney's fees.

Defendants did not file a sworn denial in the form required by Rule 185, Texas Rules of Civil Procedure, but filed their second amended answer which leveled certain special exceptions to some of the items contained in the sworn account, asserted three payments upon the account, and then alleged a cross-action against plaintiff on defendants' sworn account for 100 pounds of seed peanuts valued at $25, and one jeep front axle assembly with springs, $9.50, and attorney's fees in the sum of $200.

The trial was before a jury and after both sides had rested plaintiff moved for a judgment upon his sworn account, which motion was granted by the trial court. The court then submitted to the jury three special issues in answer to which the jury found that defendants had been paid for the jeep axle, and that the value of attorney's fees was $35 for plaintiff and $35 for defendants.

The court then proceeded to render judgment for plaintiff against defendants in the sum of $435.48, together with attorney's fees in the sum of $35, and interest at the rate of 6% per annum from date of judgment, and for defendants against plaintiff in the sum of $25, together with attorneys fees in the sum of $35, and 6% interest. Kenneth Stephens and A. V. Stephens have prosecuted this appeal.

Appellants' first contention is that the court erred in granting appellee judgment upon his sworn account. We overrule this contention. Appellants did not file a sworn denial of appellee's sworn account. We are told that in their original answer appellants did file a sworn denial of appellee's account, but if they did, it was abandoned when appellants filed their amended answer containing no such sworn denial.

Rule 185, T.R.C.P., which relates to suits upon verified accounts, is as follows:

"When any action or defense is founded upon an open account or other claim for goods, wares and merchandise, including any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties, or is for personal service rendered, or labor done or labor or materials furnished, on which a systematic record has been

kept, and is supported by the affidavit of the party, his agent or attorney taken before some officer authorized to administer oaths, to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, before an announcement of ready for trial in said cause, file a written denial, under oath, stating that such claim is not just or true, in whole or in part, and if in part only, stating the items and particulars which are unjust; provided, that when such counter-affidavit shall be filed on the day of the trial the party asserting such verified claim shall have the right to postpone such cause for a reasonable time. When the opposite party fails to file such affidavit, he shall not be permitted to deny the claim, or any item therein, as the case may be."

Appellee's verified account was introduced in evidence without objection. Before any charge was read to the jury, appellee moved for judgment upon this verified account, which motion was properly granted by the court.

Appellants contend that appellee, under the provisions of Rule 90, T.R.C.P., waived the fact that no verified denial, such as is required by Rule 185, supra, by waiting until after both sides had rested to raise the question. We do not agree. Rule 90 provides, in effect, that defects in pleadings are not waived if brought to the attention of the trial court before the instructions or charge is read to the jury. Here appellee's motion for judgment upon his verified account was brought to the attention of the trial court before any charge or instructions were read to the jury and was timely made.

■ In Walker-Neer Machine Co. v. Acmeline Manufacturing Company, Tex.

Civ.App., 279 S.W.2d 156, 157, the Court said:

"Rule 185, Texas Rules of Civil Procedure, provides that in an action upon a verified account, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall file a written denial, under oath, stating that such claim is not just or true. By virtue of this Rule and superseded Article 3736, it has been held that failure to file a sworn denial of a verified account amounts to an admission that the account is correct."

We agree with appellants that no particular form of affidavit is required by Rule 185, supra, but there must be a denial of the account in the language stated in that Rule. Glasco v. Frazer, Tex.Civ.App., 225 S.W.2d 633; Kost Furniture Co. v. Radio Equipment Co., Tex.Civ.App., 100 S.W.2d 162.

■ Appellants' second point is: "The Court erred in failing and refusing to submit to the jury the case in its entirety on special issues." There is nothing in the record to indicate that prior to the time the charge was read to the jury appellants made any request of the court to submit the entire case to the jury, or requested the submission of any issue that was not submitted. Under the provisions of Rules 274 and 277, T.R.C.P., by failing to except to the charge or to request any other special charges or issues, appellants waived the point they are here attempting to make. Maxwell v. Maxwell, Tex.Civ.App., 204 S.W.2d 32.

■ Appellants next contend that the court erred in excluding from evidence one cancelled check in the sum of $162.97, one in the sum of $40, and a receipt for the sum of $12.20. In view of the fact that appellants did not deny under oath the verified account of appellee in the manner provided for in Rule 185, supra, and did not show any agreement to apply the checks upon

the items included in the verified account, there was no error committed by the trial court in excluding these two checks. The record fails to show that appellants even tendered in evidence the receipt in the sum of $12.20.

The court properly granted appellee permission to correct a typographical error in his pleading. It was discovered that in appellee's verified account an item was correctly stated as $76.66, while in the pleading it was erroneously stated as $36.-66. The trial court permitted the appellee to correct this clerical error by simply making a seven over the three. In doing so the court did not commit reversible error. Such amendment is permitted within the discretion of the trial court by Rule 66, T.R.C.P. Texas Emp. Ins. Ass'n v. Sanders, Tex.Civ.App., 265 S.W.2d 219; Burroughs v. Bunch, Tex.Civ.App., 210 S.W.2d 211; Butcher v. Tinkle, Tex.Civ.App., 183 S.W. 2d 227; Packard-Dallas, Inc. v. Carle, Tex. Civ.App., 163 S.W.2d 735.

There being no reversible error shown, the judgment is affirmed.