Cecil AKINS et al., Appellants,

v.

Roy C. COFFEE, Appellee.

No. 16318.

Court of Civil Appeals of Texas.

Dallas.

March 6, 1964.

Rehearing Denied March 27, 1964.

# 954

Alvin Boyd, Dallas, for appellants.

Coffee, Coffee & Chantilis, and Roy C. Coffee, Jr., Dallas, for appellee.

WILLIAMS, Justice.

Summary judgment proceeding. Rule 166–A, Texas Rules Civil Procedure. Appellee's suit against appellants was upon a verified account pursuant to Rule 185, T.R. C.P. Appellants answered, denying generally that they owed appellee anything and specifically alleging that the sand and gravel, being the materials made the basis of the verified account, purchased by them was by virtue of a sublease agreement with one Clark, appellee's lessee. The answer was verified but not within the language of Rule 185, T.R.C.P. Appellee moved for summary judgment and supported said motion with affidavits and other documents. Appellants did not answer the motion for summary judgment or submit extrinsic evidence in opposition thereto. The trial court, considering the pleadings, motion and affidavits, sustained the motion for summary judgment for the amount of the debt, interest and attorneys' fees.

Appellants, in their sole point on appeal, generally insist that issues of fact were presented by their verified answer to appellee's petition and therefore the court should not have sustained the motion for summary judgment. Under the particular facts presented in this record we are of the opinion that the trial court was correct and the judgment should be affirmed.

■ Appellee's motion for summary judgment postulates the nonexistence of issuable facts. It is, of course, elementary that upon hearing the burden of proof was definitely upon appellee to establish the absence of any genuine issue of fact. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929. In our opinion appellee has sustained this burden.

■ Appellee's cause of action was upon verified account, with attached invoice showing materials furnished and price thereof, all pursuant to the express terms and provisions of Rule 185, T.R.C.P., which provides that in such action the same shall be taken as prima facie evidence thereof unless the party resisting such claim shall file a written denial, under oath, *stating that such claim is not just or true, in whole or in part, and if in part only, stating the items and particulars which are unjust.* (Emphasis supplied.) By virtue of this rule, and superseded Art. 3736, Vernon's Ann. Civ.St., it has been held that failure to file a sworn denial of a verified account amounts to an admission that the account is correct. Walker-Neer Machine Co. v. Acmeline Mfg. Co., Tex.Civ.App., 279 S.W. 2d 156, wr. ref. n. r. e. Appellee, by countervailing point, contends that since appellants did not substantially comply with Rule 185, T.R.C.P., in making verified answer to its petition, that same fails to deny the correctness of same and amounts to an admission that the account is correct. We agree with this contention. While it is true that no particular form of affidavit is required by Rule 185, T.R.C.P., yet there must be a denial of the account in the language stated in the rule. Glasco v. Frazer, Tex.Civ. App., 225 S.W.2d 633; Kost Furniture Co. v. Radio Equipment Co., Tex.Civ.App., 100 S.W.2d 162; Stephens v. Lott, Tex.Civ. App., 339 S.W.2d 405.

In Sessions Co. v. W. A. Sheaffer Pen Co., Tex.Civ.App., 344 S.W.2d 180, wr. ref. n. r. e., this court had before it an almost identical situation wherein an action upon a verified account under Rule 185, T.R.C.P. was answered by a verified general denial, followed by special defenses, and summary judgment for plaintiff was affirmed. In sustaining the judgment in that case we held

that the answer did not comply with the requirements of Rule 185 or Rule 166–A(e), T.R.C.P. In doing so we relied upon our former opinion in Sparkman v. McWhirter, Tex.Civ.App., 263 S.W.2d 832, wr. ref., in which we held that a general denial, though sworn to, was insufficient to meet the requirements of the law.

Appellants seek to justify the sufficiency of their verified answer by the opinion of the El Paso Court of Civil Appeals in Basse Truckline, Inc. v. Strickland Transportation Co., Tex.Civ.App., 359 S.W.2d 477, no wr. hist., but a careful examination of that opinion discloses that the verified denial in that case was in substantial conformity with Rule 185, T.R.C.P. in that the answer alleged that the account "is not just" and furthermore, in an accompanying affidavit, a specific denial of the justness of the account was made "in whole or in part." We find no such language, or comparable language, utilized in this case and hence the decision in that case is not applicable here.

■■ Appellants' verified answer is insufficient to meet the requirements of Rule 166–A(e), T.R.C.P. for the reason that such answer contains hearsay statements and conclusions which would not be admissible upon the trial of the case. The answer, following general denial of plaintiff's petition alleges, *inter alia*, that "it is *defendant's understanding,* at this time, and *they have been advised,* that said W. L. Clark had a lease agreement with Roy C. Coffee whereby said Roy C. Coffee could sublease with other parties * * *." (Emphasis supplied.) Such original lease is not attached, nor does it appear in the record. Such hearsay statements and conclusions negative the sufficiency of the answer to meet the requirements of Rule 166–A(e), T.R.C.P. Lawyers Surety Corp. v. Investors Mutual of Nueces, Inc., Tex.Civ. App., 353 S.W.2d 882. Furthermore, such answer is insufficient in that the affidavit fails to state it is made on personal knowledge of affiant nor does it show that affiant is competent to testify to the matters contained in such answer. Rule 166–A(e), T.R.C.P.; Quarles v. State Bar of Texas, Civ.App., 316 S.W.2d 797; Lawyers Surety Corp. v. Sevier, Tex.Civ.App., 342 S.W.2d 604; Youngstown Sheet & Tube Co. v. Penn, Tex.S.Ct., 363 S.W.2d 230.

■ Finding as we do that appellants' verified answer is insufficient to meet the requirements of either Rule 185, T.R.C.P. or Rule 166–A(e), T.R.C.P., it follows that the validity of the account sued upon remains unchallenged and no issue of fact is presented.

■ Appellee did not rely solely upon the verified account but also attached to its motion for summary judgment extrinsic evidence in the form of affidavits and a letter from appellants. These affidavits support appellee's claim and appellants' letter constitutes an admission that they owe the indebtedness sued upon. Appellee, having introduced and presented extrinsic evidence in support of its verified petition and motion for summary judgment, it became the obligation of appellants to raise affirmative defenses by some means other than by their mere pleadings. Gulf, C. & S. F. Ry. Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492, 500; Sparkman v. McWhirter, Tex.Civ. App., 263 S.W.2d 832, wr. ref.; Sessions Co. v. W. A. Sheaffer Pen Co., Tex.Civ. App., 344 S.W.2d 180; Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948; Allen v. Western Alliance Ins. Co., Tex.S.Ct., 349 S.W.2d 590; and Burnett v. Cory Corp., Tex.Civ.App., 352 S.W.2d 502.

■ Although not specifically presented in their point on appeal, appellants, by argument in their brief, present a question concerning the allowance of attorneys' fees and also argue that no evidence was presented in support of such attorneys' fees as were allowed by the trial court. There is no merit to this contention. Art. 2226, V.A. C.S., as amended, expressly provides for the recovery of attorneys' fees in a suit on sworn accounts. Ferrous Products Co. v. Gulf States Trading Co., Tex.Civ.App., 323

S.W.2d 292. Neither was it error for the trial court to fix the amount of the attorneys' fees though no evidence was offered as to the value of the attorneys' services. Weatherly v. Longoria, Tex.Civ.App., 292 S.W.2d 139; May v. Donalson, Tex.Civ.App., 141 S.W.2d 702; Johnson, et al v. Blanks, et al, 68 Tex. 495, 4 S.W. 557; and B. Joe Hatley v. Charles L. Hatcher, Tex.Civ.App., 376 S.W.2d 943.

Finding no merit in appellants' point on appeal, we overrule the same and affirm the trial court's judgment.

Affirmed.