J. H. HILLIARD et ux., Appellants,

v.

HOME BUILDERS SUPPLY COMPANY et al., Appellees.

No. 16684.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 14, 1966.

Rehearing Denied Feb. 18, 1966.

---

Jack Lovette, Bowie, for appellants.

E. G. Jones, and Marvin F. London, Bowie, for appellees.

LANGDON, Justice.

Plaintiffs Home Builders Supply Company, a partnership, sued J. H. Hilliard and wife Helen, upon a mechanic's and materialmen's lien contract and a note given in payment of services to be rendered under the contract for construction of a lake house. It also sought recovery under a laborers' lien for additional materials and extras furnished and changes made which were allegedly covered by the terms of said contract. A. H. Richardson, d/b/a Richardson Plumbing Co., and M. L. Smith, a carpenter in the same suit, sought recovery for certain labor, supplies and merchandise and to foreclose laborers' lien. The Hilliards denied the delivery of goods for changes and extras as additions to the contract, and relied primarily on their defense of homestead.

A Jury in answer to special issues found that (1) a written agreement was entered into for construction of the house for the sum and under the terms of the mechanic's lien dated August 28, 1963; (2) the house was completed according to the terms of the agreement; (3) not answered pursuant to instruction; (4) it was not the homestead of defendants on August 28, 1963; (5) $7,981.74 would reasonably compensate for the materials furnished and money advanced for construction of the house.

By several points the appellants contend that there was no evidence to support the jury's answers to any of the special issues submitted and particularly to the homestead issue (No. 4) and/or that such findings were against the great weight and preponderance of the evidence. That as to ,the homestead question the court erred in failing to find as a matter of law that the property was homestead and either direct a verdict for them or grant their motion for judgment non obstante veredicto.

The record reflects that the defendants told Carl Long they were going to build a lake cabin on Amon Carter Lake. Prior to the execution of the mechanic's and materialmen's lien while "figuring" with Mr. Long on construction of the house the defendants advised him that they had a home in Fort Worth where they were residing at the time. Long further testified that in the early part of August, 1963, the defendants told him they were living in Fort Worth and owned three houses there.

Mr. Hilliard identified his signature on a copy of a 1963 tax rendition over which he solemnly affirmed that the property therein described located in Fort Worth, Texas, was his residence homestead and that for the year 1963 he had not otherwise claimed a residence homestead in Texas. He paid the 1963 taxes based upon this rendition. Hilliard also signed an application to First Savings and Loan of Bowie, Texas, for a loan on August 24, 1963, in which he listed a Fort Worth address. There was additional evidence on the homestead question. We have examined the entire record and find ample evidence to support the submission of the homestead issue and all other issues and the jury's answers thereto. None of the jury's answers are against the great weight

and preponderance of the evidence. We find no conflict in the answers.

■■■ "The burden of proof upon the issue as to homestead vel non rests upon the claimant. Every fact that is essential to the existence of the asserted homestead right must be established by him by evidence which is not of doubtful nature." Vaughn v. Vaughn, 279 S.W.2d 427 (Texarkana Civ.App., 1955, ref., n. r. e.).

The defendants failed to meet the burden of proof upon the homestead issue. The mere fact that they may have actually resided in the house over weekends or at other times of longer duration standing alone does not convert it to homestead. The homestead exemption is a right conferred by law upon the head of a family who must make the dedication. The court may not assume facts to support a claim of homestead against the validity of an existing debt or lien. Balcomb v. Vasquez, 241 S.W.2d 650 (El Paso Civ.App., 1951, ref., n. r. e.).

The plaintiffs sought recovery under a written mechanic's and materialmen's lien contract and to foreclose its lien thereunder. There was ample evidence offered in support of the execution of the contract and, the jury believing so, found that such an agreement was entered into; that the house was completed according to its terms and that the plaintiffs were accordingly entitled to payment of $7,981.74. The defendants may not defeat these findings which have ample support in the evidence by citing isolated statements of witnesses or by contending there was no meeting of the minds, that the burden of proving the contract was not met or that such contract was made solely to help defendants obtain a loan or that the recovery was based on quantum meruit and is not supported by pleadings. The recovery was based upon the contract and no recovery was sought nor founded upon quantum meruit.

■■■ There was testimony that the contract in question was not intended to be a "turn key contract". Money was advanced under the contract for labor and materials were furnished. The defendants made numerous changes in the house each of which increased the cost. In the application to First Savings and Loan, Mr. Hilliard listed himself as contractor. More than $7,000.00 was furnished under the contract. Authorized alterations and extras even on a homestead are valid and binding and come within the provisions of the original improvement lien even though the cost of improvements is increased. Turbeville v. Book, 226 S.W. 814 (El Paso Civ.App., 1920, dism.).

Under the evidence the contract in question was completed in that the $7,000.00 agreed upon plus an additional $981.74 was furnished as agreed. The numerous changes made by the defendants increased the cost of the house and it was never completed because they were unable to obtain additional credit and not because of any failure of the plaintiff to fully comply with the requirements imposed upon it by the terms of the contract in question.

There is nothing in the record to reflect that the trial amendments complained of by the defendants were not timely filed by plaintiffs pursuant to the rulings of the court.

■■■ The point of error relating to improper argument is without merit.

"* * * the proper way to preserve objections to improper argument is by bill of exception rather than by bringing up the court reporter's record of the argument as a part of or supplement to the statement of facts, unless council agree on the latter method." 3 Tex.Jur.2d 706, § 457.

■■■ The record in this case contains neither a bill of exception nor the court reporter's recording of the argument. Thus, there is no basis upon which this court may determine the merits of this point.

The liens in question were perfected and filed pursuant to Art. 5453, Vernon's Ann.Tex.St. Defendants did not deny the validity of the liens or question the accuracy as to the amounts thereof. The liens were questioned solely on the basis of the homestead character of the property. We have previously disposed of this question. Since the land in question was not homestead the wife's joinder in executing the liens was unnecessary. The execution of the lien is not denied. The proper acknowledgment of the husband's signature is not essential to the validity of the contract between the parties and whether or not it was properly recorded does not affect its admissibility as evidence.

We find no error in the action of the court in (1) failing to instruct the jury not to consider testimony which was objected to and sustained by the court since the appellants did not request the court for such an instruction or direct the court's attention to its failure to so instruct, (2) in admitting testimony relative to the rendition of defendants' property in Fort Worth, Texas, in 1963 for taxes.

We agree with the appellant that it was error for the court to award attorneys' fees in a case tried before a jury. Article 2226, V.A.T.S., provides for a reasonable amount as attorneys' fees in collection of claims of the nature here involved, however, it is the province of the jury to make this determination. No issue thereon was requested or submitted. There was no evidence as to the amount or reasonableness of the attorneys' fees and there were no stipulations relating thereto. The lien and note involved provided only reasonable attorneys' fees rather than any definite percentage or amount.

"The general rule is that it is the province of the jury to determine what is the reasonable value of an attorney's services, and that the jury may take into consideration the facts before them in relation to the services rendered, as well as the estimates of their value made by attorneys who testified. (Authorities cited.)" Gulf Paving Co. v. Lofstedt, 144 Tex. 17, 188 S.W.2d 155 (1945).

"Where a statutory attorney's fee is recoverable, the amount to be allowed is determined in accordance with the general practice for determining questions of fact. Consideration should be given to the difficulties and importance of the case, the amount of work and labor performed, the amount involved in the litigation, the benefits to the client and similar facts. The party seeking recovery of a fee must present evidence to show that the amount demanded by him is a reasonable amount." 7 Tex.Jur.2d 183, § 119.

" * * * the judge can fix the attorneys' fees, even though there is no testimony from which to determine the value of the attorneys' services. * * * But, in a trial to a jury there must be evidence of what services the attorney had rendered, and of the reasonable value of such services, * * *." May v. Donalson, 141 S.W.2d 702 (San Antonio Civ. App., 1940, no writ hist.).

The parties are in agreement that the judgment should be reformed so as to delete the personal judgment against the defendant, Helen Hilliard, since her separate property may not be subjected to this community obligation under the facts of this case.

The points of error relating to attorneys' fees and the personal judgment against Mrs. Hilliard are sustained. All other points of error are overruled.

The judgment of the trial court is reformed so as to delete therefrom any allowance for attorneys' fees and the personal judgment against Mrs. Hilliard and as reformed is affirmed.