**JORRIE FURNITURE COMPANY,**
**Appellant,**

**v.**

**John A. ROHM, Appellee.**

**No. 14751.**

Court of Civil Appeals of Texas.

San Antonio.

May 28, 1969.

Daniel R. Rutherford, Brock Huffman, San Antonio, for appellant.

J. Lawton Stone, San Antonio, for appellee.

KLINGEMAN, Justice.

Plaintiff, Jorrie Furniture Company, appeals from a summary judgment entered in favor of defendant, John A. Rohm, that plaintiff take nothing as against defendant.

A detailed history of this somewhat complicated proceeding is necessary. Plaintiff initially filed suit in the County Court of Bexar County, Texas, on June 12, 1967, for breach of an installment note contract dated October 20, 1965, in the principal sum of $591.40, and for foreclosure of a chattel mortgage lien alleged to have been executed by defendant on certain property securing said note. Defendant by his original answer, under oath, denied having signed and executed said note or chattel mortgage. Written interrogatories were thereafter propounded to plaintiff by defendant in which, among other things, plaintiff was asked to produce copies of such note and chattel mortgage. Plaintiff failed to produce those copies, and the interrogatories and answers were filed in such cause. On December 8, 1967, defendant filed a motion for summary judgment, which was not controverted by plaintiff. On December 11, 1967, prior to the trial court's action on such motion for summary judgment, plaintiff filed a supplemental petition in said cause seeking recovery on a sworn account, and attached to the petition two invoices wherein certain items of furniture were listed and defendant was shown as purchaser. On January 8, 1968, the trial court entered summary judgment for defendant that plaintiff recover nothing of and from defendant on such pleadings seeking recovery on a note and mortgage. Plaintiff then filed its first amended original petition on March 13, 1968, again asking for recovery on the installment contract note and foreclosure on the chattel mortgage allegedly given to se-

cure said note, and in the alternative recovery on a sworn account. Attached to this amended petition are copies of the same invoices that were attached to the supplemental petition filed December 11, 1967. Defendant's answer to this amended petition consists of a plea of res judicata to that portion seeking recovery on the installment note and foreclosure of the chattel mortgage, a special exception that the allegations pertaining to the sworn account were vague and indefinite and not in compliance with the Texas Rules of Civil Procedure, a plea that plaintiff's alleged cause of action accrued more than two years prior to the filing of said petition and is barred by the two-year statute of limitation, and a general denial. Defendant did not file a written denial under oath stating that such claim is not just or true in whole or in part, as provided for under Rule 185, T.R.C.P. Defendant thereafter filed his second motion for summary judgment based upon the pleadings in said cause and exhibits attached thereto. This motion was not controverted by plaintiff, and on May 31, 1968, defendant's motion for summary judgment was granted, and it was decreed that plaintiff take nothing of and against defendant by its suit.

Defendant asserts that such summary judgment should be upheld because (1) under the record, plaintiff's pleadings are insufficient, as a matter of law, to form a basis for any judgment against defendant; (2) defendant's plea of res judicata is an absolute bar to any recovery by plaintiff; (3) any cause of action plaintiff might have had is barred by the two-year statute of limitations.

▇▇▇ Defendant's contentions that under the pleadings he is entitled to judgment as a matter of law cannot be sustained. Plaintiff's first amended petition sought recovery both on the basis of the breach of the installment note contract and foreclosure of the alleged chattel mortgage lien, and in the alternative recovery on a sworn account. Plaintiff's supporting affidavit complies substantially with the provisions

of Rule 185 pertaining to suits on sworn account. Such pleadings were sufficient to state a cause of action against defendant, and since defendant did not file a written denial under oath in accordance with the terms and provisions of Rule 185, supra, presented a prima facie case. Dyche v. Simmons, 264 S.W.2d 208 (Tex.Civ.App.—Fort Worth 1954, writ ref'd n. r. e.); Akins v. Coffee, 376 S.W.2d 953 (Tex.Civ. App.—Dallas 1964, writ dism'd); Walker-Neer Machine Co. v. Acmeline Mfg. Co., 279 S.W.2d 156 (Tex.Civ.App.—Fort Worth 1955, writ ref'd n. r. e.); Kost Furniture Co. v. Radio Equipment Co., 100 S.W.2d 162 (Tex.Civ.App.—Amarillo 1936, writ dism'd). The rule is well settled in Texas that if one elects to file a verified denial he must comply substantially with Rule 185, and a mere general denial of the debt is not sufficient. Akins v. Coffee, supra; Sessions Company v. W. A. Scheaffer Pen Co., 344 S.W.2d 180 (Tex.Civ.App.—Dallas 1961, writ ref'd n. r. e.); Dyche v. Simmons, supra; Walker-Neer Machine Co. v. Acmeline Mfg. Co., supra.

■ The fact that defendant did not file a sworn denial to plaintiff's suit on a verified account in accordance with the requirements of Rule 185 did not deprive defendant of his defenses in the nature of confession and avoidance, such as res judicata and plea of limitations. Goddard Machinery Co. v. Industrial Equip. Repairs, Inc., 351 S.W.2d 371 (Tex.Civ.App.—Waco 1961, no writ); Yelton v. Bird Lime & Cement Co., 161 S.W.2d 353 (Tex.Civ.App.—San Antonio 1942, writ ref'd w. o. m.). However, defendant's plea of res judicata will not support the summary judgment entered May 31, 1968. Defendant's answer setting up his plea of res judicata is addressed only to that portion of plaintiff's first amended petition seeking recovery on an installment note and foreclosure of a chattel mortgage lien, and the court granted defendant's first motion for summary judgment only insofar as it pertained to the pleadings seeking recovery on a note and mortgage.

If defendant's summary judgment is sustainable, it can only be sustained on the basis that plaintiff's cause of action is barred by the two-year statute of limitations.[1] Defendant asserts that upon the face of plaintiff's own pleadings recovery was barred by the provision of Art. 5526(5), Vernon's Ann.Civ.St., since the supporting invoices which are attached to plaintiff's first supplemental petition and plaintiff's first amended petition listing items of merchandise sold to defendant bear dates of October 20, 1965 and November 10, 1965, and that plaintiff's supplemental petition was not filed until December 11, 1967, and plaintiff's first amended petition, not until March 13, 1968, both of which pleadings were filed more than two years after the latest date shown on the supporting invoices.

Art. 5539b, Vernon's Ann.Civ.St., provides, substantially, that whenever any pleading is filed by any party to a suit embracing any cause of action, and at the time of filing such pleading such cause of action is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based

---

1. "Art. 5526. Actions to be commenced in two years

    There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description: * * *

    5. Actions upon stated or open accounts, other than such mutual and current accounts as concern the trade of merchandise between merchant and merchant, their factors or agents. In all accounts, except those between merchant and merchant, as aforesaid, their factors and agents, the respective times or dates of the delivery of the several articles charged shall be particularly specified, and limitation shall run against each item from the date of such delivery, unless otherwise specially contracted. Acts 1841, p. 163; G.L. vol. 2, p. 627."

upon and grows out of a new, distinct or different transaction and occurrence. In Texas Pacific Coal & Oil Co. v. Smith, 130 S.W.2d 425 (Tex.Civ.App.—Eastland 1939, writ dism'd jdgmt cor.), it is stated: "Unless the cause of action alleged in an amended pleading involves a different transaction from that in the original pleading, the latter having declared upon a cause of action not then barred, it is immaterial that the cause of action alleged in the amended pleading be different from the cause of action originally alleged. The test which Vernon's Ann.Civ.St. art. 5539b makes proper is whether or not the cause of action alleged in the amended pleading be 'wholly based upon and grows out of a new, distinct or different transaction and occurrence.' Farmers & Merchants Nat. Bank v. Arrington, Tex.Civ.App., 98 S.W. 2d 378, 379; Universal Life & Accident Ins. Co. v. Johnson, Tex.Civ.App., 120 S. W.2d 314."

The Supreme Court in Leonard v. Texaco, Inc., 422 S.W.2d 160 (1967), quoted with approval the language above set forth from the Texas Pacific Coal & Oil Co. case, and held that the test under Article 5539b as amended in 1931 is no longer based upon a difference in causes of action declared upon in the original and amended petitions. "The test is whether the cause of action alleged in the amended petition is 'wholly based upon and grows out of a new, distinct or different transaction and occurrence.' "

It is to be remembered that plaintiff's original petition sought recovery on the basis of an installment note contract dated October 20, 1965, and for foreclosure of a chattel mortgage lien on certain property given as security for such note. Such property listed in this petition included a jade headboard and a jade triple dresser. In the written interrogatories served on plaintiff, one of the questions propounded by defendant was whether there was any ledger, account ledger sheets, sales journal or other records regarding the sale of merchandise which are the subject matter of this suit, and if so to state the nature and description of such records and attach a true copy of same (Interrogatory No. 5). In answer to such Interrogatory No. 5, plaintiff answered "yes, See Exhibit A and B." Listed in such Exhibit A and B, which are the invoices of merchandise billed to defendant, are the jade headboard and jade triple dresser. Copies of such invoices were attached to plaintiff's first supplemental petition and plaintiff's first amended petition as exhibits.

Under the record before us, we cannot say that the cause of action alleged in the amended petition is "wholly based upon and grows out of a new, distinct or different transaction and occurrence," and defendant's summary judgment cannot be sustained on the basis of the two-year statute of limitations.

Plaintiff did not file a motion for summary judgment and seeks a remand on this appeal. Under the record before us, the judgment must be reversed and the cause remanded for a new trial.