**Mrs. Mattie McDONALD, d/b/a Broadway's S & S Flower & Gift Shop, Appellant,**

v.

**NEWLYWED'S, INC., Appellee.**

**No. 8112.**

Court of Civil Appeals of Texas, Texarkana.

June 20, 1972.

Rehearing Denied July 25, 1972.

Harry Friedman, Harkness, Friedman & Kusin, Texarkana, for appellee.

RAY, Justice.

This was a summary judgment proceeding in the trial court in which that court entered judgment for the plaintiff pursuant to Rules 185 and 166–A(e) upon an alleged sworn account. Appellee Newlyweds, Inc., (plaintiff) brought suit against Mrs. Mattie McDonald, d/b/a Broadway's S & S Flower and Gift Shop (appellant-defendant), to recover the sum of $248.00, interest, attorney's fees of $60.00, and all costs. Appellee alleged that it had delivered to appellant the merchandise requested and had made demand for payment more than thirty days prior to filing suit. Appellee further stated in its petition that by reason of the failure of appellant to pay the account after demand, it became necessary for appellee to employ attorneys to represent it in the prosecution of its suit and had agreed to pay the attorneys "the sum of $60.00, as their attorney's fees, which amount is customary, necessary, reasonable and just." Appellee's petition was accompanied with an affidavit which stated:

> "That the foregoing and annexed account, claim, and cause of action in favor of Newlyweds, Inc., P. O. Box 17,221, Memphis, Tennessee, and against Mattie McDonald of Broadway's S & S Flower and Gift Shop, 605 Broadway Street, Jefferson, Texas, 75657, in the sum of Two Hundred Forty-eight and No/100 Dollars, plus collection and reasonable attorney's fees is within the knowledge of affiant just and true, and that it is due and that all just and lawful offsets, payments and credits have been allowed."

Appellant filed her unsworn general denial. Thereafter, appellee filed its motion for summary judgment and appellant filed her answer to the motion for summary judgment, but still did not include a denial of the account in the terms provided by Rule 185, Tex.R.Civ.P.

J. R. Cornelius, Cornelius & Cornelius, Jefferson, for appellant.

The pertinent parts of the answer to the motion for summary judgment filed by appellant are as follows:

"II.

This defendant would further show the Court that this defendant has paid each and every statement rendered for the books which Plaintiff states it had delivered, but that it did not agree to pay the lump sum as sued on herein until and unless a sufficient number of Wedding Books had been delivered to married couples in this vicinity.

"III.

This defendant is willing and hereby agreed to pay for each book which the Plaintiff has delivered to newlyweds within this vicinity that she has not paid, upon receipt of a statement showing the names and addresses of the parties to whom Plaintiff has delivered such books."

We do not believe that the foregoing answer meets the test of Rule 185 which requires the following:

"When any action or defense is founded upon an open account or other claim for goods, wares and merchandise, including any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties, or is for personal service rendered, or labor done or labor or materials furnished, on which a systematic record has been kept, and is supported by the affidavit of the party, his agent or attorney taken before some officer authorized to administer oaths, to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, before an announcement of ready for trial in said cause, file a written denial, under oath, *stating that each and every item is not just or true, or that some specified item or items are not just and true;* provided, that when such counter-affidavit shall be filed on the day of the trial the party asserting such verified claim shall have the right to postpone such cause for a reasonable time. When the opposite party fails to file such affidavit, he shall not be permitted to deny the claim, or any item therein, as the case may be." (1971).

Under Article 1970–306, Vernon's Anno. Tex.Stats., the jurisdiction of the County Court of Bowie County in civil and criminal matters has been transferred to the district courts of that county. Pursuant to such authority, the District Court of Bowie County entered its summary judgment in favor of appellee for the sum of $248.00, interest from date of the judgment and attorney's fees in the sum of $60.00, together with all costs.

Appellant's first point of error states that:

"The cause of action sued upon by Appellee is not an open account, which required a denial under oath, but was a suit for breach of contract."

■ We find no merit in appellant's first point of error since the pleadings of appellee are absolutely clear that it is a suit upon a sworn account. It may be that the indebtedness originally grew out of a contractual relationship between the parties, but in order for appellant to have asserted that the amount sued for under the sworn account allegations was not in fact due because of some breach of contract by appellee, it was necessary for appellant McDonald to file more than an unsworn general denial. It was necessary for appellant to first deny the justness of appellee's claim in the terms specified by Rule 185. It is important to note that appellant's answer not only failed to set out in specific terms the unjustness of the account, but it also failed to state there was

a breach of contract. Appellant's first point of error is overruled.

The second point of error urged by appellant is that the sworn answer in response to the motion for summary judgment complied with the requirements of Rule 185, Tex.R.Civ.P.

We have examined the answer filed by appellant and find that it does not meet the test of Rule 185. The contents of the answer as set out above make it clear that the appellant failed to state "that each and every item is not just or true, or that some specified item or items are not just and true."

■ As we interpret Rule 185, Tex.R.Civ.P., the defendant must file a written denial, under oath, stating that each and every item is not just or true, or that some specified item or items are not just and true, and that this written denial must be the formal answer to the plaintiff's allegations based upon a sworn account. The failure to file such an answer is fatal, no matter what course the proceedings thereafter take, that is, whether the case proceeds by way of summary judgment, or trial before the court, or jury trial.

In Akins v. Coffee, 376 S.W.2d 953 (Tex.Civ.App. Dallas 1964 writ dism'd), the court stated that:

" . . . . it has been held that failure to file a sworn denial of a verified account amounts to an admission that the account is correct. Walker-Neer Machine Co. v. Acmeline Mfg. Co., Tex.Civ.App., 279 S.W.2d 156, wr. ref. n. r. e. Appellee, by countervailing point, contends that since appellants did not substantially comply with Rule 185, T.R.C.P., in making verified answer to its petition, that same fails to deny the correctness of same and amounts to an admission that the account is correct. We agree with this contention. While it is true that no particular form of affidavit is required by Rule 185, T.R.C.P., yet there must be a denial of the account in the language stated in the rule. Glasco v. Frazer, Tex.Civ.App., 225 S.W.2d 633; Kost Furniture Co. v. Radio Equipment Co., Tex.Civ.App., 100 S.W.2d 162; Stephens v. Lott, Tex.Civ.App., 339 S.W.2d 405."

■ We hold that appellant failed to comply with both Rule 185 and Rule 166-A(e). The affidavit signed by Mrs. McDonald in connection with the answer to the Motion for Summary Judgment is defective for several reasons, the principal one being that it does not show that the matters to which she had sworn were within her personal knowledge. Akins v. Coffee, supra.

Since the appellant's unverified answer fails to meet the requirements of both Rule 185 and Rule 166-A(e), Tex.R.Civ.P., it follows that the validity of the account sued upon remains unchallenged and no issue of fact is presented. Appellant's point of error No. 2 is overruled.

Appellant's third point of error states: "There is a genuine issue of fact as to the reasonableness of the attorney fee stated in the Motion for Summary Judgment."

■ Since Art. 2226, Tex.Rev.Civ.Stats., as amended, expressly provides for the recovery of attorney's fees in a suit on sworn accounts, and appellee's petition seeks recovery of $60.00 after having made demand for payment of the account, we see no error in the court's awarding such amount because there was no verified answer filed by appellant denying the sworn account. Since the amount awarded for attorney's fees by the trial court is not unreasonable and is within the limits recommended by the State Bar minimum fee schedule, we hold there was no abuse of discretion on the part of the trial court in awarding such amount. In the absence of an abuse of discretion, we uphold the award of the District Court of Bowie County. Akins v. Coffee, supra; Hilliard v. Home Builders Supply Co., 399 S.W.2d 198 (Tex.Civ.App. Fort Worth 1966); Art. 2226, Tex.Rev.Civ.Stats.

Appellant's third point of error is over-ruled.

The fourth point of error presented by appellant is as follows:

"Appellee's exhibit to its statement of the account showing that $242.00 of the material had not been delivered precludes its recovery."

■ We find no merit in appellant's fourth point of error, primarily because she has misstated what the exhibit actually shows. The exhibit in question is a "Statement" from Newlyweds, Inc., addressed to Mattie McDonald which is undated, showing the "amount to be billed" is the sum of $242.00, but shows the account balance to be $248.00. Since the statement is undated and the affidavit attached to appellee's petition states that the sum of $248.00 is due and the petition states that demand has been made for such sum, we must presume, in the absence of a verified denial, that the merchandise has been delivered as alleged, and that the sum of $248.00 has subsequently been billed, demanded, and is currently due. Appellant's fourth point of error is overruled.

We find no error committed by the trial court in granting the motion for summary judgment and accordingly entering judgment in favor of appellee Newlyweds, Inc. The judgment of the trial court is affirmed.

DAVIS, J., not participating.

## ON MOTION FOR REHEARING

We have carefully reviewed the Motion for Rehearing submitted to us by Appellant, Mattie McDonald, dba Broadway's S & S Flower & Gift Shop, and have determined that the motion should be overruled. However, we think it necessary to point out that our decision is not in conflict with Duncan v. Butterowe, Inc., 474 S.W.2d 619 (Tex.Civ.App. Houston, 14th District, 1971 no writ). The conclusion reached by the Houston Court of Civil Appeals (14th District) relative to sustaining the summary judgment on a sworn account for failure to deny the account in the terms required by Rule 185 Tex.R.Civ.P., is consistent with the conclusion we have reached involving similar facts. On the surface, it would appear that we have reached opposite results concerning the matter of whether the trial court had the authority to award reasonable attorney's fees, but on close examination, it will be seen that the amount awarded for attorney's fees in the Duncan case exceeded the amount prescribed by the current standard Bar Minimum Fee Schedule. Thus, the Houston Court concluded that the amount awarded as attorney's fees could not be said to have been reasonable as a matter of law. The State Bar Minimum Fee Schedule suggests that, in the collection of commercial accounts, a minimum fee of 33⅓ per cent of the amount collected is reasonable "with or without the filing of a suit and irrespective of whether there is a trial." In the Duncan case, Butterowe, Inc., sued for $1,491.-65, plus an additional sum of $500.00 as attorney fees. It is obvious that the $500.00 awarded by the trial court was in excess of 33⅓ per cent of $1,491.65, and therefore could not be prima facie evidence of a reasonable attorney's fee prescribed by the current State Bar Minimum Fee Schedule. Since the $500.00 fee exceeded the State Bar Minimum Fee Schedule, it became a fact issue as to whether or not such amount was reasonable, to be determined on remand of the case, because the Court of Civil Appeals pointed out that it could not say that "the right to a $500.00 attorney's fee was established as a matter of law."

■ In the case before this Court, the amount sued for was $248.00, plus interest, attorney's fees of $60.00, and all costs. The attorney's fee of $60.00 falls within the suggested minimum fee of 33⅓ per cent and would therefore be prima facie evidence that such fee was reasonable as provided by the express language of amended Tex.Rev.Civ.Stat., art. 2226,

(1971). While prima facie evidence of reasonableness may be rebutted, Appellant made no attempt to do so in this case. Appellant's Motion for Rehearing is overruled.