Adrian F. **MEYER** et ux., Appellants,

v.

Sam P. **WORDEN** et ux., Appellees.

No. 16482.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 20, 1975.

Rehearing Denied Dec. 18, 1975.

Fred A. Lange, Houston, for appellants.

W. H. Betts, Hempstead, for appellees.

COLEMAN, Chief Justice.

Appellees (the Wordens) brought this action in trespass to try title for the purpose of removing clouds upon their title to approximately 292 acres of land bordering upon the Brazos River. The case was tried to a jury, but at the conclusion of the defendants' evidence the trial court granted the Wordens' motion for instructed verdict, and rendered judgment establishing the Wordens' title to 288 acres of the subject tract. The Meyers' plea of adverse possession under the ten year statute of limitation was sustained as to 4 acres of the land. We affirm.

The principal issue in the case relates to certain lands bordering the Brazos River which have been formed by accretion. The Meyers contend that the boundary line between their land and that of the Wordens as drawn by the court in its judgment does not properly apportion this accreted land between the parties.

In perfecting the record for appeal, the Meyers requested and filed only a partial statement of facts consisting of certain documentary evidence and certain testimony admitted at the trial. The Wordens did not request that other evidence taken at the trial be transcribed into the statement of facts. The parties did not stipulate that the partial statement of facts constituted an agreed statement. While appellants have carefully followed the requirements of Rule 377, Texas Rules of Civil Procedure, relating to limited appeal, they have a burden to present a record sufficient to show that the judgment is erroneous in order to obtain a reversal. When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively refutes vital findings, this burden cannot be discharged in the absence of a complete or an agreed statement of facts. *The Englander Company, Inc. v. Jack G. Kennedy,* 428 S.W.2d 806 (Tex.1968). Where there is no statement of facts in the record, it is

settled that every presumption must be indulged in favor of the judgment, which is not concluded by the record. *McElyea v. Parker,* 125 Tex. 225, 81 S.W.2d 649 (Tex. Com.App. § B 1935). This rule has been applied to the action of a trial court in granting a judgment *non obstante veredicto. Chavers v. Lucenay,* 329 S.W.2d 503 (Tex.Civ.App.—Waco, 1959, no writ hist.). See also *Sanders v. Machicek,* 453 S.W.2d 511 (Tex.Civ.App.—Houston [14th], 1970, writ ref'd n. r. e.); *Meinders v. Shamrock Oil & Gas Corp.,* 401 S.W.2d 106 (Tex.Civ. App.—Amarillo, 1966, no writ hist.).

■ Since the judgment in this case was rendered on an instructed verdict, this court must view the evidence in its most favorable light to the defendants, Meyers, in determining whether or not issues of fact were raised by the evidence. Even though that portion of the evidence omitted may have been unfavorable to defendants, the only burden defendants have on this appeal is to show that the evidence raised issues of fact and not that such issues were proved as a matter of law, or by the weight of the evidence. *Coleman v. Hudson Gas & Oil Corp.,* 403 S.W.2d 482 (Tex.Civ.App.—Beaumont, 1966, ref'd n. r. e.). It is the affirmative duty of the appellant to present a record which will show that error has been committed in order to obtain a reversal of the trial court's judgment. *Wright v. Mack Motor Truck Corp.,* 336 S.W.2d 831 (Tex. Civ.App.—Houston, 1960, no writ hist.); *Houston Fire & Cas. Ins. Co. v. Walker,* 152 Tex. 503, 260 S.W.2d 600 (1953); *Thrasher v. Hensarling,* 406 S.W.2d 515 (Tex.Civ.App. —Waco, 1966, no writ hist.).

In essence the Meyer appellants contend that the trial court erred in failing to follow the procedures for the division of accreted land set out by the Supreme Court of Texas in *Sharp v. Womack,* 127 Tex. 357, 93 S.W.2d 712 (1936). This case held that accretions to riparian land should be apportioned to the owners of adjoining lands in proportion to river frontage of those lands as shown by the original field notes and by present frontage surveys on rivers enclosing accreted lands.

The Meyers state their contention in these words in their brief:

"The title and ownership of the accreted land lying between the Northeast Worden fence and the Brazos River became an issue because there was no proof as to what land is to be apportioned to the Worden tract and the Meyer tract as an accretion and thus part of the title to which the accretion attaches. The location of the boundary line must be extended from the 1937 adjudication (*Feik vs. Meyer*) in conformity with the rule for apportioning accreted lands between adjoining owners along rivers, announced in *Sharp,* and hereinabove referred to."

■ In the absence of a complete statement of facts we cannot say that there was "no proof" as to what land is to be apportioned to the Worden and Meyer tracts as an accretion. There is no testimony in the record before us from which the true location of the boundary line determined as required by *Sharp v. Womack* can be ascertained. In the absence of such information we cannot determine whether the Wordens received more or less land than that to which they were entitled. At the trial it was their burden to produce this information. On appeal it is the burden of the Meyers to show that the Wordens have failed to carry this burden. Without a complete statement of facts we cannot sustain what is essentially a no evidence point of error. The necessary evidence may be in that portion of the statement of facts which was not brought to this court. While the pleadings and evidence demonstrate that there was a material issue as to the location of the boundary line between the parties' property on the accreted land, the record does not raise an issue of fact as to whether or not the trial court properly determined that issue on the evidence introduced at the trial.

■ The Meyers also complain that the trial court abused its discretion in requiring

them to pay all the costs in the trial court despite the fact that they were awarded title to a portion of the disputed property. We cannot say that the trial court abused its discretion in this respect.

Affirmed.