Kenneth GRANTHAM, Appellant,

v.

RUSK COUNTY AUCTION COMPANY,
INC., Appellee.

No. 1024.

Court of Civil Appeals of Texas,
Tyler.

June 16, 1977.

Karol Ann Thomas, Loftis, Rowan, Files, Clayton, Bain & Clark, Tyler, for appellant.

Jack G. Neal, Sulphur Springs, for appellee.

DUNAGAN, Chief Justice.

This is a suit brought by Kenneth Grantham against Rusk County Auction Company, Inc., for damages in the amount of $31,631.77 sustained by appellant as a result of appellee's breach of duties owed to appellant and appellee's alleged violation of Art. 1287a, sec. 6, V.A.C.S.

The case was tried to a jury. After presentation of the evidence and after both sides had closed, the appellee moved that the court withdraw the case from the jury and enter a judgment in favor of it. The court granted appellee's motion and the case was withdrawn from the jury. No charge was ever submitted to the jury. The court discharged the jury and then rendered a take-nothing judgment against the appellant.

The appellant by its sole point of error complains that "the trial court erred in its ruling that the case should be withdrawn from the jury and that judgment should be rendered in favor of the appellee as a matter of law." We agree.

The appellant went to trial on its first amended original petition. In said petition, appellant alleged that he was in the business of buying and selling cattle and that appellee was in the business of receiving cattle and selling them at an auction as agent for the owner of the cattle; that on July 14, 1973, in Rusk County, Texas, appellant delivered a load of his cattle, of which he had lawful possession, to appellee in order that appellee might sell same for appellant; that these cattle were in fact sold by appellee and that appellant's repeated demands upon appellee for the sale price of these cattle in the amount of $31,631.77 have been refused; and that appellee

caused the check in said amount to be written to Livestock Board of Trade as payee and received by a person or persons other than appellant.

Appellant based his cause of action on the contention that appellee was negligent in the handling of the proceeds resulting from the sale of said livestock which appellant had placed in appellee's care under the consignment arrangement. Appellant alleged that appellee breached the following duties owed by it to appellant: the duties of loyalty and good faith; the duty to inform principal; the duty of care of proceeds; and the duty to account to principal for the proceeds of a sale. Appellant further contended that appellee violated statutory rules and regulations under which it was required to operate, more specifically Art. 1287a, sec. 6[1], V.A.C.S.

Appellee has filed no brief in this cause nor did it appear for oral submission. It has not challenged in any manner the statements in appellant's brief relative to the facts in the record. Under this condition of the record we accept as correct the statements contained in appellant's brief relating to the facts in the record. Rule 419, T.R.C.P.; *Gonzales v. Gonzales*, 224 S.W.2d 520 (Tex.Civ.App.—San Antonio 1949, writ ref'd).

Regulations Under the Packers and Stockyards Act, 9 C.F.R. sec. 201.39 (1976), states that

"No market agency or licensee shall, . . . pay the net proceeds or any part thereof, arising from the sale of livestock or live poultry consigned to it for sale, to any person other than the consignor or shipper of such livestock or live poultry, except upon an order from the Secretary or a Court of competent jurisdiction . . . ."

Appellant contends that the evidence was of sufficient strength to create fact questions which should have gone to the jury regarding:

1. whether appellee was negligent in his handling of the proceeds for his failure to comply with Art. 1287a, sec. 6, V.A.C.S.;

2. whether the cattle in the possession of appellee were those which were brought from the persons to whom the proceeds were wrongfully paid; and,

3. whether or not appellee had reason to believe that some person other than appellant was the true owner of said livestock.

■ There was some evidence introduced in the trial court that would prove that the cattle in appellee's possession were the same as those bought from the persons to whom the proceeds of sale were allegedly wrongfully paid. Whether appellee was reasonable in taking the word of a Texas ranger as to the ownership of said livestock without some further evidence, is a question for the trier of the facts. But even if appellee was reasonable in doing so it was still required by statute to place the proceeds in a state or national bank and notify all parties claiming said proceeds of its action. Art. 1287a, sec. 6, V.A.C.S.

The rule in Texas is that when a verdict has been instructed for the defendant or the court has taken the case from the jury, the appellate court must consider all evidence in its most favorable light in support of plaintiff's position. *Echols v. Wells*, 510 S.W.2d 916 (Tex.1974) holds that where there are fact issues to be resolved, an appellate court must indulge every inference that may properly be drawn from the evidence against the action of the trial judge in withdrawing the case from the

---

1. "Sec. 6. If the proceeds of any livestock so sold at auction by said livestock auction commission merchant shall become involved in a dispute between contending claimants, or if said livestock auction commission merchant is notified that some other party or parties are asserting right to said proceeds, or any part thereof, in opposition to the claim of those consigning said stock to said commission auction merchant, said livestock auction commission merchant shall deposit the amount of such net proceeds involved in such contention in some State or National Bank in the town, city, or county where said livestock commission merchant has his principal place of business and promptly notify all interested parties of his said action in the premises, whereupon no further liability as to such funds so deposited shall accrue or continue as to said livestock auction commission merchant or on his bond."

jury and instructing a verdict. See also *Seideneck v. Bayreuther Associates*, 451 S.W.2d 752 (Tex.1970).

Appellant needs to show only that the evidence in the trial court raised issues of fact and not that such issues were proved as a matter of law or by weight of evidence. *Meyer v. Worden*, 530 S.W.2d 904 (Tex.Civ. App.—Houston 1975, writ ref'd n.r.e.).

Viewing the evidence in its most favorable light in support of appellant-plaintiff's position and indulging every inference that may properly be drawn from the evidence against the action of the trial judge, it appears there were fact issues to be resolved and the trial court erred in withdrawing the case from the jury and rendering judgment for the appellee.

The judgment of the trial court is reversed and the cause is remanded for further proceedings.