Andy **ANDERAKO** d/b/a Andy's Mobile Home Service, Appellant,

v.

William W. **WATSON** and wife, Dorothy Ellsworth Watson, Appellees.

No. 5834.

Court of Civil Appeals of Texas, Waco.

Dec. 15, 1977.

John R. Duren, Duren & Thompson, Copperas Cove, for appellant.

Mark S. Knapp, Copperas Cove, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Anderako from that portion of a summary judgment in a suit on a sworn account which denied him recovery of $500. attorney's fees.

Plaintiff Anderako sued defendants Watson and wife on a sworn account for $1473.90 plus "an attorney's fee of $500.".

Defendants answered with an unsworn general denial; although Rule 185 TRCP required them to file a written denial under oath if they desired to resist the verified claim.

Plaintiff then moved for summary judgment which was granted by the trial court as to the $1473.90, but was denied as to the $500. attorney's fees claimed.

Plaintiff appeals on one point: The trial court erred in failing to enter judgment for plaintiff for $500. attorney's fee.

Plaintiff in his petition plead entitlement to $1473.90 for goods, services, wares and merchandise, which defendants accepted and became bound to pay for; and further plead that failure of defendants to pay the account made it necessary for plaintiff to employ an attorney to sue on the account; that a claim had been presented to defendants before suit and remained unsatisfied; and that a reasonable attorney's fee was $500.

As noted defendants filed an unsworn general denial, but never filed a written denial under oath of items asserted to be unjust or untrue, as required by Rule 185 TRCP.

The unsworn general denial filed by defendants, although legally insufficient to put in issue the matters relating to the action on the sworn account, was legally sufficient to controvert plaintiff's action to recover reasonable attorney's fees. *Edinburg Meat Products Co. v. Vernon Co.*, Tex.

Civ.App. (Corpus Christi) NWH, 535 S.W.2d 432.

Attorney's fees were recoverable in this case, but plaintiffs did not prove the reasonableness of the $500. contended for in this summary judgment proceeding. See: *Coward v. Gateway National Bank of Beaumont*, Tex., 525 S.W.2d 857; *Lancaster v. Wynnewood State Bank*, Tex.Civ.App. (Waco) NWH, 470 S.W.2d 78.

There is no error in the judgment.

Plaintiff's point is overruled.

AFFIRMED.