**Adrian F. MEYER et ux., Appellants,**

v.

**Sam P. WORDEN et ux., Appellees.**

**No. 5850.**

Court of Civil Appeals of Texas, Waco.

Dec. 14, 1978.

Rehearing Denied Jan. 11, 1979.

Fred A. Lange, Austin & Arnett, Houston, for appellants.

W. H. Betts, Hempstead, for appellees.

HALL, Justice.

This is a trespass to try title action filed May 14, 1976, by plaintiffs-appellants Adrian F. Meyer and wife, Vivian M. Meyer, (Meyers) against Sam P. Worden and wife, Helen Worden, (Wordens) over 1.3 acres of land situated in the Thomas Cartwright Labor No. 1, Abstract 21 of Austin County, Texas. The description of the tract in question set forth in Meyers' petition states that the tract is bordered on its northeast side by the Brazos River, and that the southwest boundary of the tract is also the northeast line of 288.0371 acres owned by Wordens. In support of their action Meyers pleaded the three-years, five-years, and ten-years statutes of limitation.[1] They also alleged that the 1.3 acres "accreted to Plaintiffs as a part of other lands owned and claimed by them and acquired, decreed and adjudged to the predecessors in title of Plaintiffs in Cause No. 7107, *Jake Feik et al. v. Frank B. Meyer et al.*, in the District Court of Austin County, Texas, and as apportioned under the laws of the State of Texas are a part of the lands owned by and claimed by Plaintiffs."

Wordens' answer, filed September 29, 1976, contained a general denial and special pleas of res judicata and estoppel by judgment under which they asserted that the 1.3 acres claimed by Meyers was a part of the southeast corner of the Wordens' 288.0371 acres of land which was the subject matter of a trespass to try action between these same parties in Cause No. 9015 in the District Court of Austin County, Texas, and awarded to Wordens by judgment dated September 20, 1974.

Upon Wordens' motion, summary judgment was rendered on April 26, 1977, that Meyers take nothing. Meyers appeal.

Summary judgment is proper if the proof establishes that there is no genuine issue as to a material fact and that the moving party is entitled to judgment as a matter of law. Rule 166–A(c), Vernon's Tex.Rules Civ.Proc. It is settled that in determining the propriety of a summary judgment, both in the trial court and on appeal, all conflicts in the evidence are disregarded, the proof which tends to support the position of the party opposing the motion is accepted as true, and all doubts as to the existence of a genuine issue of material fact are resolved against the movant. *Farley v. Prudential Insurance Company*, 480 S.W.2d 176, 178. (Tex.Sup.1972).

Meyers assert that under the rules for testing summary judgments, there are material fact questions in our case relating to (1) their pleas of limitation, (2) whether the 1.3 acres of accreted land was properly apportioned between the parties by the court in Cause No. 9015, and (3) whether the 1.3 acres accreted after the judgment in Cause No. 9015. We overrule those contentions and affirm the judgment.

Cause No. 9015 was a trespass to try title action between Wordens and Meyers in which Wordens were plaintiffs and Meyers were defendants. In that case both Wordens and Meyers pleaded the three-years, five-years, ten-years, and twenty-five-years statutes of limitation. The judgment in that case was dated September 20, 1974, and awarded title and possession of 288.-0371 acres of land to Wordens. The northeasterly end of the 288.0371 acres by precisely following the course and distance calls in the judgment is shown on the following plat by the black line between points C—D, D—D + 1, D + 1—E, and E—E + 2:

[See following illustration.]

1. Articles 5507, 5509, and 5510, Vernon's Tex. Civ.St.

SAM P. WORDEN 288.0371 ACRES

The line between points D—D + 1 and D + 1—E on the plat is particularly pertinent to our discussion. In the judgment in Cause No. 9015 the call for boundary line C—D was "North 59° 00′ East along the Northwest line of the herein described tract" and ended (at point D on our plat) at "a point on the West bank of the Brazos River for the Northeast corner of the herein described 288.0371 Acre Tract of land." Then, the description in the judgment continues "South 50° 33′ East along a meander line of the West bank of the Brazos River 661.96 feet to an angle point on same" (point D + 1 on our plat), and "Thence South 45° 02′ 48 sec. East along a meander line of the West bank of the Brazos River 336.07 feet to a point on said line for the most Northerly Northeasterly corner of the herein described 288.0371 Acre Tract of land" (point E on our plat). Then the description continues "South 56° 13′ West" along a line "between the South side of Sam P. Worden tract and the North side of Adrian F. Meyer tract" (being the line marked E—E + 1 and E + 1—E + 2 on our plat).

The judgment in Cause No. 9015, appealed by Meyers, was affirmed in *Meyer v. Worden*, 530 S.W.2d 904, (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n. r. e.)

In Meyers' petition in the case before us, the 1.3 acres was described as follows:

"BEGINNING at a point which is the most northerly northeasterly corner of the Sam ·P. Worden 288.0371 acre tract adjoining on the northwest other lands of Adrian Meyer, which point is South 45° 2′ 8″ East 339.05 feet from an angle point in the northeast line of said Sam P. Worden's 288.0371 acre tract;

THENCE, North 56° 11′ East 184 feet to cut-bank in the west bank of the Brazos River;

THENCE, up the meander line of said west bank of the Brazos River to a point reached by a line running [North] 45° 25′ 30″ East 171 feet from the north northeast line of the Sam P. Worden 288.0371 acre tract in the cut-bank of said Brazos River;

THENCE South 45° 25′ 30″ west to an angle point in the said northeast line of the Sam P. Worden 288.0371 acre tract; THENCE South 45° 2′ 8″ East 339.05 feet to the PLACE OF BEGINNING, and containing 1.3 acres, more or less of land."

Following that description, the 1.3 acres is located on our plat within points E—B, B—A, A—D + 1, and D + 1—E. A plat attached to Meyers' brief also locates it there.

Although the description of the 1.3 acres by Meyers, and other proof by them in the record, establishes that the tract is outside the expressed metes and bounds description in the judgment in Cause No. 9015 of Wordens' 288.0371 acres, the description and proof also show without dispute that the tract adjoins the 288.0371 acres as shown on our plat and that it is bordered on its northeasterly side (line A—B on our plat) by the West bank of the Brazos River.

In Texas, it is the settled rule of construction of instruments of conveyance that a course and distance call which is stated to be "along the meander line" of a river conveys to the river and along the general course of the river for the boundary of the land conveyed, rather than along the direction and distance expressed in the call,

unless there are other words in the instrument supporting another intention. *Hejl v. Wirth*, 161 Tex. 609, 343 S.W.2d 226, 228 (1961); *Strayhorn v. Jones*, 157 Tex. 136, 300 S.W.2d 623, 631 (1957); *Stover v. Gilbert*, 112 Tex. 429, 247 S.W. 841, 843 (1923). It is also the settled rule that the call for acreage in an instrument of conveyance is the "least reliable of all calls" and "cannot control the rest of the description unless there is an express covenant in the deed that the acreage mentioned is the only land to be conveyed." *Texas Pacific Coal & Oil Company v. Masterson*, 160 Tex. 548, 334 S.W.2d 436, 439 (1960).

There was no language in the judgment in Cause No. 9015 qualifying the call "along a meander line of the West bank of the Brazos River" for the northeasterly boundary of the 288.0371 acres awarded to Wordens. Under the rules set forth above the award included the 1.3-acre tract now claimed by Meyers if the tract was then in existence and was then bordered on its northeasterly side by the West bank of the Brazos River; and it entitled the Wordens to the summary judgment in question on their pleas of res judicata and estoppel by judgment.

Meyers' contention that the 1.3 acres accreted after the judgment in Cause No. 9015 is not supported by the record. The evidence does contain a survey offered by Meyers which shows that on March 15, 1977, the vegetation line of the West bank of the Brazos River was approximately 139 feet northeast of line D + 1—E on our plat, that the second bank of the river was an additional 69 feet northeast, that the first bank was an additional 53 feet northeast, and that the water line of the river was an additional 47 feet northeast, and that the 1.3 acres in question lie in that area. However, there is no evidence that those were not the facts on September 20, 1974, when the judgment in Cause No. 9015 was rendered, and it is not reasonably inferable from the record that those lines did not exist when the judgment was rendered. If they did not, proof of that fact would have

been a simple matter for Meyers. Instead, they stated by affidavit that they have had the 1.3 acres under fence grazing their cattle on it since 1965.

As we have said, Meyers filed this suit on May 14, 1976, less than two years after the judgment in Cause No. 9015. Accordingly, their claims of title to the 1.3 acres under the pleaded statutes of limitation are without merit.

Dotted line D + 1—Z on our plat was established as the boundary line between Wordens' and Meyers' predecessors in title, Jake Feik and Frank B. Meyer, in a lawsuit in 1937. The land lying northeast of dotted line E + 1—X and an extension of that line westerly to line C—D accreted with the change of course of the Brazos River after 1937, and was a part of the land in controversy between our parties in Cause No. 9015. For reversal of the summary judgment before us, Meyers now assert that apportionment of the accreted land lying between dotted line E + 1—X and the West bank of the river was not an issue in Cause No. 9015 and was not done by the court in that case; that under the rule set forth in *Sharp v. Womack*, 127 Tex. 357, 93 S.W.2d 712 (1936), the apportionment would be based in part on the former boundary line D + 1—Z; that the court in our case should have made such apportionment; and that if this were done they would own the 1.3 acres in question. However, the opinion of the appellate court affirming the judgment in Cause No. 9015 shows that the identical issue of want of apportionment under the rule in *Sharp v. Womack* was raised by Meyers on that appeal, and that it was decided against them there.

The opinion of the Court of Civil Appeals on the appeal by Meyers from the judgment in Cause No. 9015 reflects that Meyers took a limited appeal and carried forward only a partial statement of facts. We quote the pertinent parts of the opinion from 530 S.W.2d, pages 905 and 906:

"The principal issue in the case relates to certain lands bordering the Brazos River which have been formed by accretion. The Meyers contend that the boundary line between their land and that of the Wordens as drawn by the court in its judgment does not properly apportion this accreted land between the parties.

.      .      .      .  .      .

"In essence the Meyer appellants contend that the trial court erred in failing to follow the procedures for the division of accreted land set out by the Supreme Court of Texas in *Sharp v. Womack*, 127 Tex. 357, 93 S.W.2d 712 (1936). This case held that accretions to riparian land should be apportioned to the owners of adjoining lands in proportion to river frontage of those lands as shown by the original field notes and by present frontage surveys on rivers enclosing accreted lands.

"The Meyers state their contention in these words in their brief:

'The title and ownership of the accreted land lying between the Northeast Worden fence and the Brazos River became an issue because there was no proof as to what land is to be apportioned to the Worden tract and the Meyer tract as an accretion and thus part of the title to which the accretion attaches. The location of the boundary line must be extended from the 1937 adjudication (*Feik vs. Meyer*) in conformity with the rule for apportioning accreted lands between adjoining owners along rivers, announced in *Sharp*, and hereinabove referred to.'

"In the absence of a complete statement of facts we cannot say that there was 'no proof' as to what land is to be apportioned to the Worden and Meyer tracts as an accretion. There is no testimony in the record before us from which the true location of the boundary line determined as required by *Sharp v. Womack* can be ascertained. In the absence of such information we cannot determine whether the Wordens received more or less land than that to which they were entitled. At the trial it was their burden to produce this information. On appeal it is the burden of the Meyers to show that the Wordens have failed to carry this

burden. Without a complete statement of facts we cannot sustain what is essentially a no evidence point of error. The necessary evidence may be in that portion of the statement of facts which was not brought to this court. While the pleadings and evidence demonstrate that there was a material issue as to the location of the boundary line between the parties' property on the accreted land, the record does not raise an issue of fact as to whether or not the trial court properly determined that issue on the evidence introduced at the trial."

Meyers' points and contentions are overruled. The judgment is affirmed.

