TEC ELECTRIC COMPANY, Appellant,

v.

AMFAC DISTRIBUTION CORPORATION, d/b/a AMFAC Electrical Supply Company, Appellee.

No. 1205.

Court of Civil Appeals of Texas, Tyler.

April 19, 1979.

Ronald L. Ramey, Houston, for appellant.

Arthur L. Forbes, Shapiro & Forbes, Houston, for appellee.

McKAY, Justice.

This is a suit on a sworn account. Summary judgment was rendered for the plaintiff below and the defendant has brought this appeal.

Appellee, an electrical equipment supplier, brought suit against appellant, alleging that appellee had sold to appellant, at the latter's request and for which the latter agreed to pay, certain merchandise, the purchase price of which was $12,464.09. According to the petition, appellant failed and refused to pay for the merchandise. Appellee further alleged that it was entitled to reasonable attorney's fees under the provisions of Article 2226, Tex.Rev.Civ.Stat. Ann., in the amount of $2,500.00. Attached to the petition was a duly verified affidavit by one Les Ludlow, Jr., stating that he was

authorized to execute the affidavit, that within his knowledge the attached account was just and true, due and unpaid, and that all just and legal offsets, payments, and credits known to him had been allowed. There followed copies of 73 invoices and statements made out to appellant on appellee's forms, the last of which was dated June 25, 1974, and showed a balance of $12,464.09.

It appears that a default judgment was entered and later set aside. Appellant's answer is not contained within the record before this court.

Appellee filed its motion for summary judgment, stating that its claim was for a principal balance of $10,206.20, plus a service charge of $2,257.89 levied pursuant to Article 1302–2.09, Tex.Rev.Civ.Stat.Ann. The motion alleged that appellant's original answer was in the form of a general denial together with other specific denials that were inapplicable and insufficient to raise any genuine issue of material fact. The prayer was for attorney's fees in the amount of $2,500.00 plus the aforementioned principal amount and service charge, or alternatively for an order pursuant to Rule 166–A(d), T.R.C.P. Attached to the motion were the following: (1) a sworn affidavit by Ludlow, stating that he was an authorized agent of appellee and fully authorized to make such affidavit on behalf of appellee, that appellant owed appellee the principal amount and service charge alleged, that the exhibits attached thereto were prepared in the regular course of business, accurately reflected the sums owed by appellant, were prepared by one with personal knowledge of the facts "at or near the time of [sic] the transaction was recorded," and that no payments on the account had been received, all offsets, payments, and credits had been made, and the account was wholly unsatisfied; (2) a sworn affidavit by Theodore Coney, stating that he was an authorized agent of appellee and authorized to make such affidavit on behalf of appellee, that appellant purchased and received the merchandise shown on the attached exhibits and the prices charged were agreed upon, and that he prepared the attachments in the regular course of business, they were accurate, and he had personal knowledge of the facts at or near the time the transactions occurred; (3) 65 pages of exhibits which are, with two exceptions, copies of the same invoices and statements that were attached to the petition.

The motion for summary judgment was filed on November 21, 1977. Hearing was set for January 9, 1978. On the date of the hearing, appellant filed its motion for leave of court to file its response to appellee's motion for summary judgment less than seven days prior to the date of hearing. There appears in the record before us no specific ruling of the court below on appellant's motion for leave to file; however, on the same date, appellant's response to the motion for summary judgment was filed. Said response alleged that appellant never agreed to pay any service charge or interest to appellee; it made several complaints with respect to the adequacy of the Ludlow affidavit attached to the motion for summary judgment, primarily that the statements made in said affidavit were conclusions and would not be admissible on trial, and that the affidavit did not state that it was made on personal knowledge; and it alleged that the attachments were not sworn to or certified as required by Rule 166–A, T.R.C.P. A sworn affidavit by Kenneth R. Carnathan was attached to the response. It stated that he was president of appellant and that he never signed any charge agreement or contract for service charge with appellee on behalf of appellant or himself.

Following the hearing at which counsel for both parties presented their arguments, the trial court found that appellee was entitled to summary judgment in its favor, and entered judgment that appellee recover from appellant the principal sum of $10,-206.06, service charges in the amount of $2,257.89, and $1,000.00 as attorney's fees.

Appellant's bases for appeal to this court are manifested in three points of error which complain that the trial court erred in granting summary judgment in favor of

appellee because (1) there were deficiencies in the (Ludlow) affidavit attached to and filed in support of the motion for summary judgment, (2) said affidavit did not support recovery of the service charge, and (3) there was no evidence to substantiate the award of attorney's fees.

The rules governing actions on sworn account have been said to be narrow and certain. *Brown v. Clark,* 557 S.W.2d 558, 559 (Tex.Civ.App.—Texarkana 1977, no writ). A claim on a sworn account, properly styled and verified, constitutes prima facie evidence of the validity of the claim unless the opposing party files a written denial under oath stating that each and every item of the account is not just or true, or that some specified item or items are not just and true. *Id.;* Rules 185 and 93(k), T.R.C.P. When the opposing party fails to file such an affidavit, he is not permitted to deny the claim or any item therein. *Id.; Oliver Bass Lumber Co., Inc. v. Kay and Herring Butane Gas Co., Inc.,* 524 S.W.2d 600, 602 (Tex.Civ.App.—Tyler 1975, no writ); *Duncan v. Butterowe, Inc.,* 474 S.W.2d 619, 620 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ). Such a failure amounts to an admission that the account is correct, and therefore, no issue of fact as to the validity of the claim is presented. *Brown v. Clark, supra* at p. 560; *Leyendecker v. Santa Rosa Medical Center,* 533 S.W.2d 868, 870 (Tex.Civ.App.—Tyler 1976, no writ); *Akins v. Coffee,* 376 S.W.2d 953, 954 (Tex.Civ.App.—Dallas 1964, writ dism'd); *McDonald v. Newlywed's, Inc.,* 483 S.W.2d 334, 337 (Tex.Civ.App.—Texarkana 1972, writ ref'd n. r. e.). Conversely, where a proper denial is made by the defendant pursuant to Rules 185 and 93(k), he thereby places in issue the justness and verity of the plaintiff's account, and the plaintiff must then proceed to present evidence on trial to prove up his account or those specified items controverted by the defendant's answer. *Burtis v. Butler Bros.,* 243 S.W.2d 235, 236–7 (Tex.Civ.App.—Dallas 1951, no writ).

Rule 166–A, T.R.C.P., sets forth the basis upon which a summary judgment may be rendered, viz., "if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, on file at the time of the hearing . . . show that . . . *there is no genuine issue as to any material fact* and *the moving party is entitled to judgment as a matter of law* . . .." [Emphasis added.]

In order for summary judgment to lie in favor of the plaintiff in a sworn account case, it is necessary that the defendant file no answer or, if he does file an answer, that it fail to conform to the requirements of Rules 185 and 93(k). In the instant case, therefore, the trial court must have predicated its rendition of summary judgment at least in part upon the failure of appellant to deny appellee's account in accordance with Rules 185 and 93(k).

Appellee moved for summary judgment on the sole ground that it was "entitled to such judgment as a matter of law, in that [appellant's] Original Answer . . . is in the form of a general denial together with other specific denials that are inapplicable and insufficient to raise any genuine issue of material fact." Appellant has failed to challenge that ground in this appeal. The trial court did not state the specific grounds upon which it relied in rendering summary judgment. It is not necessary that it have done so. *Irvin v. Smith,* 497 S.W.2d 796, 797 (Tex.Civ.App.—Beaumont 1973, no writ).

Appellant, as noted above, has failed to bring before this court, as a part of the record of the proceedings below, its answer to appellee's petition. An appellant has the obligation to bring forward a record sufficient to show that the judgment below is erroneous in order to obtain a reversal. *Meyer v. Worden,* 530 S.W.2d 904, 905 (Tex. Civ.App.—Houston [1st Dist.] 1975, writ ref'd n. r. e.); *Cloer v. Ford & Calhoun GMC Truck Co.,* 553 S.W.2d 183, 185 (Tex. Civ.App.—Tyler 1977, writ ref'd n. r. e.). A case may be reversed only upon error disclosed in the record. *Texas & New Orleans Railroad Co. v. Hayes,* 156 Tex. 148, 293 S.W.2d 484, 487 (1956); *Connecticut Indemnity Co. v. Trejo,* 366 S.W.2d 948, 949 (Tex. Civ.App.—Houston 1963, no writ).

Inasmuch as appellant has failed to include its answer in the record, we cannot say that the trial court erred in granting the motion for summary judgment. Where no fact issue is drawn by the pleadings and other papers on file, the trial court's judgment, summarily rendered, is correct. On the state of the record before us, we cannot say that the trial court's judgment was erroneous. Rule 166–A, T.R.C.P. See *Sympson v. Mor-Win Products, Inc.,* 501 S.W.2d 362, 364 (Tex.Civ.App.—Fort Worth 1973, no writ).

Moreover, in order to render summary judgment, the trial court necessarily concluded that there was no genuine issue as to any material fact and that appellee was entitled to judgment as a matter of law. Rule 166–A, T.R.C.P. Although these conclusions were not expressly stated as findings by the court, they are implicit in any summary judgment. Where the trial court has found that there is no genuine issue as to any material fact and the appellant does not challenge such a finding by his appeal, the reviewing court is not at liberty to review the finding and the summary judgment must be sustained. *Malooly Brothers, Inc. v. Napier,* 452 S.W.2d 504, 505 (Tex.Civ.App.—El Paso 1970), affirmed, 461 S.W.2d 119 (Tex.1970). In the instant case, the judgment may have been based on a ground not specifically challenged by appellant, and since there was no general assignment of error that the trial court erred in granting summary judgment, the judgment must stand. *Id.,* at 461 S.W.2d 121.

There is another basis upon which the judgment must be affirmed. Appellant complains only of alleged deficiencies in appellee's summary judgment proof. In a suit on a sworn account filed under Rule 185, however, if the account is not denied under oath as provided in that rule, summary judgment rests not on proof supplied by the pleadings of the successful movant therefor, but rather on deficiencies in the opposing pleadings. *Hidalgo v. Surety Savings & Loan Association,* 462 S.W.2d 540, 543 n. 1 (Tex.1971); *Aztec Pipe and Supply Co., Inc. v. Sundance Oil Co.,* 568 S.W.2d

401, 404 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n. r. e., 576 S.W.2d 780 [Tex.1978]). See also *Wilson v. Browning Arms Co.,* 501 S.W.2d 705, 706 (Tex.Civ. App.—Houston [14th Dist.] 1973, writ ref'd); *Larcon Petroleum, Inc. v. Autotronic Systems, Inc.,* 576 S.W.2d 873, 877 (Tex. Civ.App.—Houston [14th Dist.] 1979, no writ).

In view of what we have said above, we do not feel it necessary to formally pass upon appellant's first two points of error. The third point complains of error in the award of attorney's fees since there was "no evidence presented on this motion [for] summary judgment to substantiate any attorney's fees." Appellant argues that only the Ludlow affidavit was considered by the court and it contained nothing about attorney's fees. Appellee points to an affidavit filed in the case prior to the motion for summary judgment. This affidavit, by appellee's former attorney of record in the case, Louis Goldfaden, states that, in the affiant's opinion, $2,000.00 was a reasonable attorney's fee for this suit. Thus, appellee pled $2,500, presented affidavit proof of $2,000, and was awarded $1,000 in attorney's fees by the trial court.

We disagree with appellant's contention that there was no evidence before the trial court on the issue of attorney's fees, inasmuch as the trial court is required to consider the "pleadings, depositions, answers to interrogatories, admissions and *affidavits, if any, on file at the time of the hearing .   .   ."* in determining whether the movant is entitled to summary judgment. [Emphasis added.] Rule 166–A(c). In accordance with the rule requiring liberal interpretation of points of error, however, Rule 418(d), T.R.C.P., we will consider appellant's third point as presenting the complaint that summary judgment as to the amount of attorney's fees was improper because the summary judgment proof did no more than raise an issue of fact with respect thereto. Even when the Goldfaden affidavit is considered, the amount of attorney's fees is not established conclusively. *Coward v. Gateway National Bank of Beau-*

**512**

*mont,* 525 S.W.2d 857, 858 (Tex.1975). The amount of attorney's fees was not liquidated. The trial court is not authorized to make a fact determination with regard to attorney's fees in a summary judgment case. *Brown v. Clark, supra* at 561. See also *Anderako v. Watson,* 559 S.W.2d 916, 917 (Tex.Civ.App.—Waco 1977, no writ).

Since the reasonableness of attorney's fees is a question of fact and since said fees here were not established as a matter of law, the claim for attorney's fees must be severed and as severed remanded. *Zemaco, Inc. v. Navarro,* 580 S.W.2d 616, 621 (Tex.Civ.App.—Tyler, 1979, writ pending); *Cicero Smith Lumber Co. v. Gaston,* 447 S.W.2d 736, 738 (Tex.Civ.App.—Amarillo 1969, writ ref'd n. r. e.).

Accordingly, the judgment of the trial court, insofar as it awards attorney's fees in the amount of $1,000 to appellee, is reversed, and the severed cause relating to attorney's fees is remanded to the trial court to determine the amount of reasonable attorney's fees due appellee; in all other respects the judgment is affirmed.