Jimmy D. PICKETT, R. G. Carter, and Frank J. Davies as Co-Executors of the Estate of Claire Benz-Stoddard, Deceased, and as Trustees of the Vaughan Benz Ayers Trust and the Allan Benz Trust

v.

REPUBLIC NATIONAL BANK OF DALLAS, Trustee.

No. 1303.

Court of Civil Appeals of Texas, Tyler.

April 17, 1980.

Rehearing Denied May 29, 1980.

2nd Motion for Rehearing Denied on July 3, 1980.

Lee M. Taft, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellants.

David S. Kidder, Gerald H. Grissom, Thompson, Knight, Simmons & Bullion, Dallas, for appellee.

McKAY, Justice.

This is an appeal from a summary judgment granted in favor of appellee Republic National Bank of Dallas, Texas.

On September 9, 1955, J. B. Stoddard and Claire Benz-Stoddard created a spendthrift trust and conveyed to it certain oil and gas leases in the Columbus Field Unit in Colorado County, Texas. In the assignment the settlors reserved 65% of the production payments for themselves and assigned the remaining 35% to the trust. The payments were to terminate when the oil and gas reserves became reduced to certain specified levels.[1] The trust specifically designated James A. Lewis Engineering, Inc., as the party to make the determination.

On May 29, 1958 appellee was named substitute trustee upon the resignation of the original trustees. Subsequently the settlors divorced and then died; the reserved production payments were allocated equally between their respective estates. Appellants Jimmy D. Pickett, R. G. Carter and Frank J. Davies are co-executors of the Estate of Claire Benz-Stoddard and are trustees of the Vaughan Benz Ayers Trust and the Allan Benz Trusts which were created by the will of Claire Benz-Stoddard.

In June, 1977, James A. Lewis Engineering, Inc. determined that the oil and gas reserves had fallen below the level designated in the trust as of December, 1974. Between December, 1974, and June, 1977, the sum of $47,442.78 was paid by appellee to the Estate of Claire Benz-Stoddard. Appellee made two demands upon appellants to reimburse the Stoddard Trust, but no restitution was made. Appellee brought an action for money had and received to obtain restitution of the funds. The trial court granted appellee's motion for summary judgment. The judgment decreed that ap-

pellee recover the sum of $46,699.13 plus interest from appellants as Co-executors of the Estate of Claire Benz-Stoddard and as trustees of the Vaughan Benz Ayers Trust and the Allan Benz Trust.

Appellants bring four points of error: the trial court erred (1) in granting summary judgment since there was *no proper proof* that the reserves of oil, gas and liquid hydrocarbons had dropped below that level as outlined in the cessation clause of the assignment; (2) in awarding judgment based upon monies paid since 1974 since the instrument provided that the payments should cease at the time of the determination rather than at the time such production levels were in fact reached; (3) in ordering appellants to make restitution since any payments made by appellee were due to a unilateral mistake on the part of the appellee for which they cannot recover; (4) in ordering appellants to make restitution since appellants had paid all monies received to the beneficiaries and restitution would constitute an inequity to appellants who paid the monies in their fiduciary capacities.

There is in the record an instrument entitled "Order", dated August 15, 1978, in which the court found there was no genuine issue of material fact except as to the amount of production payments made to appellants after December, 1974. There is another instrument styled "Order", dated and filed February 5, 1979, in which the trial court found the amount of production payments after December, 1974, was $46,699.13. Final judgment was rendered on February 7, 1979, which judgment referred to the order of August 15, 1978, as disposing of all issues of fact and law except the dollar amount of the production payments, and also to the order of February 5, 1979,

---

1. The trust provides that: " . . . each of the Production Payments reserved in this Article 1, unless sooner terminated by the application of the proceeds derived from the sale of production, shall cease and terminate when all of the following events shall have occurred:

    (1) the reserves attributable to the property interests described in the granting clause above, as determined by James A. Lewis En-

gineering, Inc., or by such other competent engineers as may be agreed upon by Assignors and Assignees, shall have been reduced to 43,098 barrels of oil, and

    (2) such reserves shall have been reduced to 703,080 m.c.f. of gas, and

    (3) such reserves shall have been reduced to 39,180 barrels of liquid hydrocarbons."

finding the amount of production payments and decreed that appellee recover from appellants, as co-trustees, the sum of $46,669.13.

Under the state of the record as we find it here it is our view that we must affirm the summary judgment of the trial court. Appellants complain that there is *no proper proof*, but they do not bring a point of error that appellee failed to establish as a matter of law that there is no genuine issue of fact. Nor do appellants bring a point of error that they changed their position to their prejudice by paying out to the beneficiaries all of the funds being sued for by appellee. They filed an opposing affidavit that they had paid out all these funds, but they do not endeavor by any summary judgment proof to show that their position was changed to their prejudice by such action. Appellants did not file a motion for summary judgment.

An appropriate comment, with citations, is found in Summary Judgment in Texas, 14 Houston Law Review, p. 885 (1977), and in our view the rules set out there control the disposition of this appeal. We quote:

"The appellant has two methods of preserving the trial court's error to ensure appellate consideration. The Texas Supreme Court has stated that the surest method is to submit 'a Point of Error which simply complains "THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT."' This broad assignment of error will allow argument upon any possible grounds for reversal and still direct the appellate court's attention to the trial court's error. The alternate method is to list as a separate point of error each ground that the movant failed to prove as a matter of law upon which the trial court might have based its judgment. If the appellant does not complain of the error, the appellate court will not consider it. . . ."

In the case before us there is no point of error that "the trial court erred in granting the motion for summary judgment," under which point all possible grounds upon which

summary judgment should have been denied could have been argued. *Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex.1970). Nor is there any point of error that the trial court erred in granting the motion because the movant failed to establish as a matter of law that there is no genuine issue of fact as to each of the grounds asserted in the motion upon which the trial court could have based a summary judgment. *Gibbs v. General Motors*, 450 S.W.2d 827 (Tex.1970); Rule 166–A, T.R. C.P.

Since there was no general assignment by point of error that the trial court erred in granting summary judgment, the judgment may have been based on a ground not specifically challenged by the appellants and therefore the judgment must stand. *Malooly Bros., Inc. v. Napier*, supra (and cases cited); *Rodriguez v. Morgan*, 584 S.W.2d 558, 559 (Tex.Civ.App.—Austin 1979, writ ref'd n. r. e.); *Tec Electric Co. v. Amfac Distribution Corp.*, 581 S.W.2d 508, 511 (Tex.Civ.App.—Tyler 1979, no writ).

Judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING

In its motion for rehearing appellants complain that we have held that appellants must specifically state "the trial court erred in granting the motion for summary judgment" in order to preserve their right to complain on appeal of the summary judgment granted by the trial court. They argue that our opinion requires specific words of art to complain of a trial court error in granting summary judgment even though our attention is directed to the error upon which they rely, and that our holding is not consistent with *Fambrough v. Wagley*, 169 S.W.2d 478, 482 (Tex.1943).

In our view there is no inconsistency in our holding here and that in *Fambrough*. The court in *Fambrough* essentially holds that a point is sufficient if it directs the attention of the court to the matter complained of, and the court will look to the point and the statement and argument thereunder to pass on any claimed error. The basic complaint in a summary judg-

ment appeal is that the trial court erred in granting summary judgment, and having so complained, the appellant may set out as many reasons for reversal as may be found in the record.

We quote from *Watson v. Glen Falls Insurance Company*, 505 S.W.2d 793, 797 (Tex. 1974):

> "Hence, *Malooly Brothers, Inc. v. Napier*, 461 S.W.2d 119 (Tex.1970), precludes any recovery by Mrs. Watson since she neither challenged the summary judgment on the correct ground nor preserved the correct ground via a general assignment of error in granting the summary judgment."

See *Morgan v. Fox*, 536 S.W.2d 644, 650 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.).

Motion for rehearing is overruled.